UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-479-FDW
(3:06-cr-391-FDW-4)

| | |
|---|---|
| STERLING RAFAEL ROSEBORO, )<br> )<br>Petitioner, )<br> )<br>v. )<br> )<br>UNITED STATES OF AMERICA, )<br> )<br>Respondent. )<br>_____) | ORDER |

**THIS MATTER** is before the Court on an initial review of Petitioner's motion to vacate, set aside or correct sentence, filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, Petitioner's Section 2255 motion will be DISMISSED without prejudice.

## I. BACKGROUND

On November 9, 2007, Petitioner entered into a written plea agreement, therein agreeing to plead guilty to one count of conspiracy to distribute, and possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a) & 846. The Government agreed to dismiss the remaining counts in his Indictment.

On July 15, 2008, Petitioner was sentenced to 196-months' imprisonment. (3:06-cr-391-FDW, Doc. No. 168: Judgment in a Criminal Case). Despite his waiver of the right to appeal and contest his sentence, Petitioner filed an appeal to the United States Court of Appeals for the Fourth Circuit. On February 5, 2009, the Government's motion to dismiss Petitioner's appeal was granted by the Fourth Circuit based on the knowing and voluntary waiver of appeal contained in his plea agreement. United States v. Roseboro, No. 08-4734 (4th Cir. Feb. 5, 2009)

1

(unpublished). (Doc. No. 189).

On or about December 31, 2009, Petitioner filed a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255. (3:09-cv-553-FDW, Doc. No. 1). Among other allegations, Petitioner argued that he no longer qualified as a career offender under U.S.S.G. § 4B1.1 based on the Supreme Court's opinion in United States v. Begay, 553 U.S. 137 (2008). In rejecting this argument, the Court noted that the challenged conviction—involuntary manslaughter—can in fact be utilized in supporting a career offender designation under the Guidelines. The Court found that the decision in Begay did not preclude the use of a manslaughter conviction, voluntary or involuntary, because both crimes were expressly included as pertinent crimes of violence under the Guidelines. See (Doc. No. 11: Order at 16-17 (citing U.S.S.G. § 4B1.2)). On December 22, 2010, the Court granted the Government's motion for summary judgment and denied relief on Petitioner's § 2255 motion and declined to issue a certificate of appealability. Petitioner filed a notice of appeal to the Fourth Circuit which was later dismissed. Roseboro v. United States, 425 F. App'x 273 (4th Cir. Apr. 27, 2011) (unpublished). (Doc. No. 13).

On August 29, 2012, the Court entered an Order denying Petitioner's motion for a reduction in sentence pursuant to 18 U.S.C. § 3852 after finding that Petitioner's classification as a career offender precluded relief. (3:06-cr-391, Doc. No. 233). On September 27, 2012, the Petitioner filed a motion to reconsider this determination denying relief. (Doc. No. 234). On December 14, 2012, the Fourth Circuit denied Petitioner's application to file a successive motion under § 2255. In re Roseboro, No. 12-377 (4th Cir. 2012). (Doc. No. 235).

On August 12, 2013, the clerk of court filed what Petitioner had labeled as a motion

under Rule 59(e) of the Federal Rules of Civil Procedure. In this motion, Petitioner renews his attack on his status as a career offender. As the Court will address below, Petitioner's present motion is in fact an unauthorized, successive § 2255 motion as it seeks to challenge the legality of his sentence and the same criminal judgment that he challenged in his first § 2255 proceeding. See 28 U.S.C. § 2255(a).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The relief Petitioner is seeking through a "Rule 59(e) motion"—an order vacating his sentence and resentencing him without the finding that he is a career offender—is the same relief that he could obtain through a successful § 2255 proceeding. That he may label his motion as one filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure is of no moment. The district courts are instructed to "classify *pro se* pleadings from prisoners according to their contents, without regard to their captions." United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003) (citing United States v. Emmanuel, 288 F.3d 644, 647 (4th Cir. 2002)).

Petitioner has embarked on at least two failed campaigns in Section 2255 proceedings in his effort to attack the same criminal judgment, and the present effort appears to be a second,

3

unauthorized § 2255 motion. See (3:13-cv-479-FDW, Doc. No. 1 at 1 ("As you know I have attempted to fight the Career Offender on numerous occasion's [sic]. Namely, my prior North Carolina Involuntary Manslaughter Conviction."). Here, Petitioner explains that he knows his motion is time-barred, and that the Fourth Circuit has denied his application to file a successive § 2255 motion. Nevertheless, Petitioner he seeks to have the Court apply principles of equitable tolling to reach, once again, the merits of his arguments regarding his career offender status. (Id. at 1-2).

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

  (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

  (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

The Court finds that the Rule 59(e) motion is in fact a § 2255 motion. And the evidence before the Court is that Petitioner was specifically denied the opportunity to file a successive § 2255 motion by the Fourth Circuit on December 14, 2012. With his present motion, Petitioner provides no evidence that he has now secured the necessary authorization from the Fourth Circuit, therefore this Court is without jurisdiction to consider the merits of a successive petition under Section 2255. See In re Vial, 115 F.3d 1192, 1194-95 (4th Cir. 1997) (en banc).

## IV.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that for the reasons stated herein, Petitioner's Section 2255 motion is **DISMISSED** without prejudice as successive. (3:13-cv-479-FDW, Doc. No. 1). The clerk of court is directed to show that the pending motion in 3:06-cr-391-FDW-4, Doc. No. 241, has been denied.

**IT IS FURTHER ORDERED** that Petitioner's motion for reconsideration of the Court's Order denying relief under 18 U.S.C. § 3582, (3:06-cr-391-FDW-4, Doc. No. 234), is **DENIED** for the reasons stated in the Court's Order. (Doc. No. 233).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk of Court is respectfully directed to close this civil case.

Signed: August 22, 2013

Frank D. Whitney
Chief United States District Judge