IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-00394-FDW
(3:06-cr-00391-FDW-4)

| | |
|---|---|
| STERLING RAFAEL ROSEBORO, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court on consideration of Petitioner's *pro se* letter wherein he seeks relief from his criminal judgment which this Court construes as a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.[1] For the reasons that follow, Petitioner's § 2255 Motion to Vacate will be dismissed as successive.

I.  BACKGROUND

On July 9, 2008, Petitioner was sentenced to a term of 196-months' imprisonment following his guilty plea to one count of conspiracy to distribute and possession with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1). (3:06-cr-00391, Doc. No. 168: Judgment). Petitioner's appeal was later dismissed by the Fourth Circuit after the Court found that Petitioner's appeal was precluded by the waiver provision in his plea agreement. See United States v. Roseboro, No. 08-4734, 2009 U.S. App. LEXIS 29816 (4th Cir. 2009).

---

[1] District courts are bound to "classify *pro se* pleadings from prisoners according to their contents, without regard to their captions." United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003) (internal citation omitted).

1

On or about December 31, 2009, Petitioner filed a *pro se* § 2255 Motion to Vacate his judgment and asserted claims of ineffective assistance of counsel and sentencing errors by the Court. The Government's motion for summary judgment was granted after the Court found that Petitioner's contentions were baseless. See Roseboro v. United States, No. 3:09-cv-00553-FDW (W.D.N.C. Dec. 22, 2010), appeal dismissed, 425 F. App'x 273 (4th Cir. 2011). On August 12, 2013, the Clerk docketed a second claim which Petitioner filed in an effort to obtain collateral relief from his criminal judgment. This Court construed the pleading as an unauthorized, § 2255 Motion, and it was dismissed on that basis. See Roseboro v. United States, No. 3:13-cv-00479-FDW (W.D.N.C. Aug. 23, 2013). Petitioner did not appeal.

Through this present action, Petitioner again seeks relief from his criminal judgment this time contending that errors were made in calculating his criminal history.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Petitioner has previously filed unsuccessful collateral challenges to his judgment, as noted above, and Petitioner has failed to present evidence that he has obtained the necessary authorization from the Fourth Circuit to proceed with another collateral attack. See In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997); Winestock, 340 F.3d at 205. For the foregoing reasons, Petitioner's collateral challenge will be dismissed without prejudice.

IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2255 Motion to Vacate is **DISMISSED without prejudice** as successive. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: August 27, 2015

*[signature]*

Frank D. Whitney
Chief United States District Judge

4